Henry G-. Smith, J.,
delivered the opinion of the Court.
Replevin by Holmark against Molin, to recover a filly; and verdict and judgment below, for Molin.
Holmark sold the filly to one Hardin, who sold it *483 to Molin. Holmark claimed- that his sale to Hardin, was qualified with the reservation of the title until Hardin should pay the purchase money, and that Hardin had not paid it.
On the other hand, Molin claimed that Holmark’s sale to Hardin was absolute, qualified by no condition or reservation of title.
If the sale by Holmark to Hardin was subject to the qualification mentioned, then the title was in Hol-mark, and he was entitled to the verdict and judgment. But if the sale to Hardin was absolute and unqualified, the defendant was entitled to the verdict and judgment.
The record is without error, unless it be found in the exclusion of competent and material testimony offered by the plaintiff. Such error, the counsel for Hol-mark insists, is found in the exclusion of the question propounded by him to his witness, Wm. Harris,- whether he heard Hardin, while in possession of the filly, say anything about the title by which he held her; and further, because of the exclusion of a question propounded to a witness, John Harris, in regard to-a conversation, after Hardin’s sale to Molin, between Hol-mark, Molin and Hardin, in regard to the dispute about the filly — what Hardin said in that conversation in regard to the filly, and the title by which he held her.
We may be ready to concede, that, where parties stand in the relation of these in respect to the title to personalty, and to an action between two of them, involving the question of title as here, it is competent to the plaintiff to show in evidence to maintain his title, the declarations of the intermediate vendee, while in *484 possession, expressing the character and extent of the title claimed by him: Mulholland vs. Elliston, 1 Cold., 307; Green. Ev., secs. 189, 190, 191; 1 Phil. Ev., note 104, of Cowen & Hill, to page 313.
But, the obstacle that stands in the way of our giving the plaintiff the benefit of this principle, and reversing the judgment in the case in hand, is, that the record .does not disclose to us what the purport is of the :declarations of Hardin, proposed to be proved, so .that -.we man know whether they are material or immaterial, competent ,or incompetent. Eor aught appearing in the record, the .declarations of Hardin may be useful to the plaintiff, .or they may be harmful to him, or they may be without benefit or harm to either party. Something Hardin said about the title, but what that something is, does not appear:; the conjecture may be entertained, that, what Hardin said was beneficial to the party propounding the question. But it is scarcely fair to expect this Court to reverse proceedings of the Court below, upon a conjecture. Besides, for aught that appears, it is not certain, or shown, that Hardin made, or the witness heard, any declarations about the title. And it may be, that if the judgment be reversed and the case sent back for a new trial, the witness may answer the question, and say that he never heard Hardin say anything about the title, while in possession of the filly.
The question propounded, was in proper shape. When objected to by the defendant, it was then proper upon the part of the plaintiff to inform the Court the general purport of the declarations proposed to be put in proof; *485 and upon the exclusion of the question, such general purport should have been put in the record, to» enable this Court to judge of their materiality and competency.
The other question proposed by the plaintiff, as to Hardin’s declarations at another time, was properly excluded, and for the reason, that these declarations were made after Hardin had parted with the possession of the filly, and after he had parted with whatever claim of title he had. Though made in the presence of the defendant, they are not, for that reason merely, competent proof against her. Declarations of the intermediate owner or claimant, made after parting with his possession or ownership, are not competent proof against his vendee, in a case of this kind: 1 Phil. Ev., note 104, of Cowen & Hill, to page 814; 1 Sm. Lead. Cas., note to Bauerman vs. Rodenius.
Moreover, the same difficulty meets this question, as disposed of the former question. The record does not disclose to us the purport of the declarations of Hardin, sought to be proved, so as to enable us to see their materiality or competency.
Affirm the judgment of the Court below.